# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

DARNELL LAMAR HARRIS, )
)
    Plaintiff, )
)
v. )    Case No. CV408-137
)
AL ST. LAWRENCE, )
DR. SUSAN NOVAK (PHS), )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Darnell Lamar Harris, who is currently confined at the Chatham County Jail, filed this 42 U.S.C. § 1983 action on July 16, 2008. (Doc. 1.) On July 22, 2008, the Court granted Harris leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. (Doc. 3.) The Court informed Harris that his failure to return these forms would result in a recommendation that his case be dismissed. (Id.) He has returned the two forms; the case is therefore ready to proceed. (Docs. 4 & 5.)

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening of any civil complaint in which a detainee seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the detainee's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Therefore, the Court will examine Harris' complaint to determine whether he has stated a colorable claim for relief under 42 U.S.C. § 1983.

Harris' complaint addresses the administration of medical care within the jail. Harris alleges[1] that some unidentified "official/doctor representing PHS, Inc." has indicated that the

---

[1] In the first sentence of the "statement of claim" section of his form complaint, Harris indicates that he is supplementing his "cruel and unusual punishment" claim "as stated above." (Doc. 1 at 5.) Nowhere in the earlier pages of his complaint, however, does Harris set forth any additional claims or provide any further explanation of his cause of action.

medical treatment at the jail is "limited and cursory," consisting of only "binary care" (presumably *primary* care), and that inmates will no longer be taken to "outside doctors" because of monetary reasons and perceived security risks. (Doc. 1 at 5.) Harris deems this policy to be "absur[d]" and suggests that his life is threatened by "the refusal" to provide proper medical treatment for his "terminal disease" and his appendix. He seeks 3.5 million dollars for his unspecified pain and suffering.

Plaintiff's complaint fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 1964–65. The complaint should be dismissed if the facts as pled do not set forth "a claim to relief that is plausible on its face." Id. at 1974.

Harris fails to set forth any grounds demonstrating that he is entitled to relief. Harris appears to be alleging that the medical care available at the Chatham County Jail violates the Eighth Amendment proscription against cruel and unusual punishment, but he provides no specifics establishing how his own constitutional rights have been infringed. Although he suggests that he has been denied proper medical treatment for "a terminal disease," he never identifies what disease he suffers from, what treatment he has received for that disorder, or how that treatment is so inadequate as to constitute deliberate or callous indifference to his serious medical needs.[2] Harris references improper treatment for his

---

[2] See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference."); Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008) (pretrial detainee claiming deliberate indifference to serious medical needs must show that defendant had subjective knowledge of a risk of serious harm, disregard of that risk, by

appendix, but he never describes the nature of his appendix problem or offers any explanation of how the medical care he has received for that condition fails to meet constitutional standards. Harris criticizes as "absurd" the jail's alleged policy of providing only primary care and declining to take detainees to physicians outside the jail for additional treatment. But again, he never explains why he requires more than primary care or states which additional physicians he needs to see or what treatment they can provide that he is not currently receiving.

These allegations, standing alone and without specific supporting facts, cannot form the basis of a § 1983 claim. "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 127 S. Ct. at 1965 (citation omitted). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at n.3. Harris offers no factual support for his claim that proper and adequate medical

---

conduct that is more than gross negligence); Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (inmates claiming deliberate indifference by correctional medical personnel are required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts.").

care has been refused, nor does he allege to have suffered any injury because of the jail's medical care policies. Thus, plaintiff fails to make the showing required by Twombly; instead he has fashioned a wholly conclusory statement of his claim that does not meet the pleading standard of Rule 8. Therefore his complaint cannot survive review under 28 U.S.C. §§ 1915A (b)(1) (which requires sua sponte dismissal of prisoner complaints that fail to state a claim for relief) or 1915(e)(2)(B) (same for any IFP complaint).

Harris' complaint also fails to satisfy Rule 8(a)(2) because it does not address any alleged wrongdoing on the part of either defendant. Harris names Al St. Lawrence and Dr. Susan Novak as defendants, but he does not mention them at any point in the body of the complaint. As discussed above, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley, 355 U.S. at 47). Harris' complaint never even references St. Lawrence

or Dr. Novak, much less describes wrongdoing on the part of either defendant that arises to the level of a constitutional violation. Consequently, plaintiff has failed to provide fair notice of the nature of his claim against these defendants, and they should be dismissed.

As plaintiff fails to state an actionable claim against either of the named defendants, his case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  8th  day of September 20, 2008.

/s/ **G.R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**